# US DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LYN ALLEN, an individual,

    and

CINCINNATUS, LLC, a Michigan limited liability company,
    Plaintiffs,

    v.

GRETCHEN WHITMER, in her personal capacity,
    Defendant
_____/

Case No.: 20-cv-11020

Hon. _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiffs
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com

ANDREW FINK (P74182)[1]
FINK & FINK PLLC
Counsel for Plaintiffs
42 Union St Ste 16
Hillsdale, MI 49242
(734) 994-1077
andrew.fink@finkandfink.com

**COMPLAINT FOR CONSTITUTIONAL VIOLATIONS**

---

[1] This lawsuit is being assisted by University of Michigan law students Jacob R. Weaver and others.

1

NOW COME Plaintiffs LYN ALLEN and CINCINNATUS, LLC, by and through counsel, and complains as follows:

**INTRODUCTION**

1. On April 9, Defendant Governor Gretchen Whitmer announced Executive Order 2020-42 (hereinafter "EO 2020-42" or "the Order"), attached as **Exhibit 1**. The Order allowed individuals with two in-state residences just a single day to choose the residence at which they would remain until further notice from the Governor's office. The Order barred any Michigan resident from traveling between his or her in-state residences after April 10.

2. Irrationally, EO 2020-42 strictly prohibits Michigan residents from traveling between their in-state residences yet allows out-of-state individuals to travel to second homes within Michigan. Thus, an out-of-state individual may travel back and forth to her second residence in Michigan and a Michigan resident may travel back and forth to her second residence out-of-state, but a Michigan resident cannot travel to her second home located in Michigan.

3. Many other exceptions to this travel ban also exist, including travel to engage in outdoor recreation, to pick up food from a restaurant, and to care for a family member's pet in another household. Consequently, an individual could travel to a park next to her second home, but she could not

2

step onto her own property. An individual could even travel across the state to care for a friend's pet while that friend travels to her second out-of-state residence for the week.

4.     This suit is *not* about policy disagreements or the "best available science"; it is about protecting fundamental rights from arbitrary, invasive, and discriminatory government action. "While courts may well be loath to review health regulations . . . in a proper case the duty exists . . . when a claimed unlawful exercise of authority has been visited upon a citizen and redress is asked." *Rock v. Carney*, 216 Mich. 280, 295–96 (1921) (Wiest, J., concurring in reversal).

5.     This civil rights action is brought to challenge the constitutionality of Defendant's measures as enacted through EO 2020-42 and any similar subsequent amendments the retain the same, including portion that criminalizes Plaintiffs' exercise of fundamental rights. Specifically, Plaintiffs challenge EO 2020-42's prohibition on travel between residences ("the Restriction"). Executive Order 2020-42, § 7(b)(3).

6.     Plaintiffs seek a declaratory judgment that the Restriction within EO 2020-42 violate Plaintiffs' fundamental rights secured by the United States Constitution and the Michigan Constitution of 1963. Plaintiffs also seek nominal damages resulting from the deprivation of their rights.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

3

Additionally, Plaintiffs seek an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable laws.

## PARTIES

7. Plaintiff LYN ALLEN is an individual and resident of Wayne County in the state of Michigan.

8. Plaintiff CINCINNATUS, LLC is a limited liability company established under the laws of the State of Michigan. See **Exhibit 2.** It is solely owned and operated by Plaintiff Lyn Allen.

9. Defendant GRETCHEN WHITMER, named solely in her personal capacity, serves as the Governor of the State of Michigan and is responsible for enforcing the laws of the State of Michigan. She also created Executive Order 2020-42 and also is self-charged with implementing executive orders, including disputed Executive Order 2020-42, which took effect on April 9, 2020, at 11:59 PM but was rescinded the same on April 24, 2020 despite essentially no substantive change of circumstances to warrant abandonment of the Restriction.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United

States Constitution, as well as under 28 U.S.C. § 1367, which confers supplemental jurisdiction on federal courts to hear claims related to a claim over which a court has original jurisdiction.

11. Plaintiffs seek relief under 28 U.S.C. §§ 2201–02, 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment of the United States Constitution.

12. Plaintiffs also seek relief under *Smith v. Dep't. of Public Health*, 428 Mich. 540, 544 (1987), which recognized the right of individuals to sue state officers for violations of the Michigan Constitution.

13. Venue is proper under 28 U.S.C. § 1391(b).

## FACTS

### EO 2020-42

14. On March 10, 2020, Defendant declared a state of emergency under Section 1 of Article V of the Michigan Constitution of 1963, the Emergency Management Act, 1976 PA 390, as amended, MCL 30.401 *et seq*, and the Emergency Powers of the Governor Act of 1945, 1945 PA 302, as amended, MCL 10.31 *et seq*, in response to the COVID-19 outbreak in the State of Michigan. *See* Executive Order 2020-4.

15. Since this initial declaration, Defendant has issued dozens of executive orders in response to COVID-19. The order at issue in this case is

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Executive Order 2020-42.

16. On April 9, 2020, at 11:59 PM, EO 2020-42 took effect.

17. EO 2020-42 prohibits individuals from leaving their residences for any reason not expressly authorized under EO 2020-42. This includes a prohibition on travel between two residences within the State of Michigan after April 10, 2020. EO 2020-42, § 7(b)(3).

18. Exceptions to the Restriction include travel to and from another state; travel for the purposes of recreating; travel for the purpose of purchasing groceries, medication, and other goods; travel to go to work if employed as a "critical employee"; travel for the purpose of medical or dental care; travel for the purpose of attending court hearings; and travel for the purpose of caring for pets.

19. Violations of EO 2020-42 are punishable by fines and criminal penalties.

20. EO 2020-42 was to remain in effect until April 30, 2020, at 11:59 PM. but was suspended by newly issued Executive Order 2020-59.

**Plaintiff Lyn Allen**

21. Plaintiff Lyn Allen ("Plaintiff Allen") currently resides at 1429 Devonshire Rd., Grosse Pointe Park, MI 48230. Plaintiff Allen has self-isolated in her home for over 14 days, only traveling outside of her home for

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

essential needs and maintaining a distance of at least 6 feet from others. She has displayed no symptoms of COVID-19 within this period.

22. Plaintiff Allen owns a deeded fractional ownership share (hereinafter "the Timeshare") at 2E Fish House, Glen Arbor, MI 49636 (Parcel # 45-006-604-002-40) in Glen Arbor, Michigan, through her limited liability corporation, Cincinnatus, LLC.

23. The deed to the Timeshare entitles Plaintiff Allen to use the property from April 17, 2020, to April 24, 2020, and again from June 12, 2020, to June 19, 2020.

24. Because of the divided nature of the Timeshare, Plaintiff Allen was unable to access her property before Defendant's self-selected April 10 deadline mandated in the Order. None of the exceptions in EO 2020-42 apply to her situation. Under threat of fines and criminal penalties, EO 2020-42 barred Plaintiff Allen from traveling to and enjoying the use of her property.

25. In stark contrast to its prohibitions against Plaintiff Allen, the Order's bar did not prevent the Timeshare's co-owners, who reside in Indiana, from traveling to and enjoying the use of the very same property. Nor would the regulations prohibit Plaintiff Allen from traveling out-of-state then returning to her current residence.

26. Based on the foregoing facts, the Regulation in EO 2020-42

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

violates well-established fundamental rights protected by both the United States Constitution and the Michigan Constitution of 1963.

## COUNT I
## SUBSTANTIVE DUE PROCESS – FOURTEENTH AMENDMENT
## RIGHT TO TRAVEL
## 42 U.S.C. § 1983

27. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

28. The United States Supreme Court has long recognized a right to *inter*state "travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement." *Shapiro v. Thompson*, 394 U.S. 618, 629 (1969), *overruled in part by Edelman v. Jordan*, 415 U.S. 651 (1974). Even indirect burdens on the right to travel require heightened scrutiny. *Shapiro*, 394 U.S. at 630–31. The right to interstate travel is implicated when a state regulation actually deters travel, when the regulation's primary purpose is to impede travel, or when it uses "any classification which serves to penalize the exercise of that right." *Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 903 (1986).

29. The Sixth Circuit has recognized a fundamental right to *intra*state travel for the purpose of access under the Fourteenth Amendment of the United States Constitution. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 495 (6th Cir. 2002). This right to intrastate travel is implicated when a

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

regulation actually deters travel, when a regulation's primary object is to impede travel, or when the regulation uses a classification that serves to penalize the exercise of the right to intrastate travel. *See League of United Latin Am. Citizens*, 500 F.3d 523, 535 (6th Cir. 2007).

30. Based on the aforementioned facts, EO 2020-42 implicates and infringes upon the fundamental right to intrastate travel for the purposes of access.

31. When a violation of the fundamental right to intrastate travel occurs that is of the breadth of the violation at issue in this case, the Sixth Circuit applies strict scrutiny. *Johnson*, 310 F.3d at 501.

32. EO 2020-42 cannot withstand strict scrutiny because it infringes upon Plaintiff Allen's fundamental right without doing so by the least restrictive means possible to accomplish the State's goals. Even if the Court were to apply intermediate scrutiny, EO 2020-42 would fall based on in wildly underinclusive and wildly overinclusive nature.

33. By reason of the aforementioned, Defendant has deprived Plaintiff Allen of her fundamental right to intrastate travel for the purpose of access protected by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Plaintiffs have thus suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

them to relief.

## COUNT II
## SUBSTANTIVE DUE PROCESS
## RIGHT TO TRAVEL
## ARTICLE I, § 17, MICHIGAN CONSTITUTION

34. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

35. "The federal and Michigan constitutions guarantee that the state cannot deny people 'life, liberty, or property without due process of law.' Due process, which is similarly defined under both constitutions, specifically enforces the rights enumerated in the Bill of Rights, and it also provides for substantive and procedural due process." *In re AMB*, 248 Mich. App. 144, 209 (2001) (citing *Kampf v. Kampf*, 237 Mich. App. 377, 381–382 (1999) (citations omitted)).

36. Michigan courts have long recognized a "fundamental right" to *intra*state travel, *see Musto v. Redford Twp.*, 137 Mich. App. 30, 34 (1984). This right to intrastate travel is implicated when a regulation actually deters travel, when a regulation's primary object is to impede travel, or when the regulation uses a classification that serves to penalize the exercise of the right to intrastate travel. *Musto*, 137 Mich. App. at 34 (holding that the same constitutional analysis should be applied to intrastate travel as has been applied to interstate travel).

10

37. Based on the aforementioned, EO 2020-42 implicates and infringes on Plaintiff Allen's fundamental right to intrastate travel.

38. Precedent establishes that courts should analyze substantive due process claims under Article I, Section 17, of the Michigan Constitution of 1963 the same way that courts analyze substantive due process claims under the Fourteenth Amendment of the United States Constitution. *See In re AMB*, 248 Mich. App. at 209. Consequently, when a violation of the fundamental right to intrastate travel occurs such as the one at issue in this case, strict scrutiny applies. *Johnson*, 310 F.3d at 501.

39. EO 2020-42 cannot withstand strict scrutiny because it is not narrowly tailored to a compelling governmental interest; it infringes upon Plaintiff Allen's fundamental right without doing so by the least restrictive means possible to accomplish the State's goals. *See Shepherd Montessori Center Milan v. Ann Arbor Charter Twp.*, 259 Mich. App. 315, 335 (2003) (citing *Dunn v. Blumstein*, 405 U.S. 330, 343 (1972). Even if the Court were to apply intermediate scrutiny, EO 2020-42 would fall based on in wildly underinclusive and wildly overinclusive nature.

40. By reason of the aforementioned customs and policies created, adopted, and enforced under color of State law, Defendants have violated Plaintiff Allen's right to intrastate travel as recognized by Article I, § 17 of the

Michigan Constitution of 1963, resulting in irreparable harm and entitling them to relief. *Smith*, 410 N.W.2d at 751.

## COUNT III
## EQUAL PROTECTION – FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983

41. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

42. A state violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution when (1) it treats an individual disparately as compared to similarly-situated persons, (2) it acted with discriminatory purpose, and (3) its regulation does not meet constitutional scrutiny. *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).

43. As set forth in this Complaint, there exists a fundamental right to *intra*state travel for the purpose of access. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 495 (6th Cir. 2002).

44. EO 2020-42 deprives Michigan residents, including Plaintiff Allen, of their fundamental right to intrastate travel for the purpose of accessing a second residence while allowing out-of-state residents to exercise their fundamental right to intrastate travel for the purpose of accessing a second residence.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

45. EO 2020-42 intentionally, explicitly, and irrationally discriminated between in-state and out-of-state residents. *See* **Exhibit 1** at § 7(b)(1), (3).

46. When the government's disparate treatment infringes on the exercise of fundamental rights, courts analyze the government's conduct under strict scrutiny. The regulation must be narrowly tailored to serve a compelling government interest. *Shapiro v. Thompson,* 394 U.S. 618, 638 (1969). Consequently, the government must have chosen the least restrictive means of achieving its objective. *Dunn v. Blumstein*, 405 U.S. 330, 343 (1972).

47. The challenged portions of EO 2020-42 cannot withstand strict scrutiny because they infringe upon Plaintiff Allen's fundamental right without doing so by the least restrictive means possible to accomplish the State's goals. Consequently, EO 2020-42 violates the Equal Protection Clause of the Fourteenth Amendment.

48. By reason of the aforementioned, Defendant has deprived Plaintiffs of their right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiffs have thus suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory, injunctive, and monetary relief.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT IV
## EQUAL PROTECTION
## ARTICLE I, § 2, MICHIGAN CONSTITUTION

49. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

50. The Michigan Court of Appeals has recognized that the right to travel is a "fundamental constitutional right." *See Musto*, 137 Mich. App. at 35.

51. The Michigan Supreme Court has held that, when a governmental restraint impinges on one class's exercise of a fundamental right while not impinging on another class's exercise of the same right, that restraint is subject to strict scrutiny. *See Doe v. Dept. of Social Servs.*, 439 Mich. 650, 662 (1992). Any such unequally-applied restraint on a fundamental right will be struck down under the Michigan Constitution of 1963's Equal Protection Clause unless the restraint is "precisely tailored to serve a compelling governmental interest." *Id.*

52. EO 2020-42 deprives Michigan residents, including Plaintiff Allen, of their fundamental right to travel while allowing out-of-state residents to exercise the same fundamental right to travel.

53. EO 2020-42 intentionally and explicitly discriminates between in-state and out-of-state residents. *See* **Exhibit 1** at § 7(b)(1), (3).

54. Because the right to travel is a fundamental right, EO 2020-42's discrimination regarding the right to travel is subject to strict scrutiny. *See Doe*, 439 Mich. at 662.

55. The challenged portions of EO 2020-42 cannot withstand strict scrutiny because they are not precisely tailored to serve a compelling governmental interest; the challenged portions infringe upon Plaintiff Allen's fundamental right to travel without doing so by the least restrictive means possible to accomplish the State's goals. *See Shepherd Montessori Center Milan v. Ann Arbor Charter Twp.*, 259 Mich. App. 315, 335 (2003) (citing *Dunn v. Blumstein*, 405 U.S. 330, 343 (1972). Consequently, EO 2020-42 violates the Equal Protection Clause of the Michigan Constitution of 1963. *See* Mich. Const. art. I, § 2.

56. By reason of the aforementioned customs and policies created, adopted, and enforced under color of State law, Defendants have violated Plaintiff Allen's right to equal protection under state law as guaranteed by Article I, Section 2 of the Michigan Constitution of 1963, resulting in irreparable harm and entitling them to declaratory, injunctive, and monetary relief. *Smith*, 410 N.W.2d at 751.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## RESERVATION OF OTHER CLAIMS

57. Due to the binding precedent of *DLX, Inc v. Kentucky*, 381 F.3d 511, 527-528 (6th Cir. 2004), this Court lacks jurisdiction to hear, adjudicate, and award just compensation damages provided by the US Constitution and Article X, Section 2 of the Michigan Constitution, and Plaintiffs reserve the ability to bring such actions in the Michigan Court of Claims.

## REQUESTED RELIEF

58. WHEREFORE, Plaintiffs respectfully ask this Court:

   a. to declare that Defendant GRETCHEN WHITMER violated Plaintiffs' constitutional rights as set forth in this Complaint;

   b. to award nominal damages of $1.00 in favor of each Plaintiff and against Defendant GRETCHEN WHITMER in her personal capacity;

   c. to award Plaintiffs' reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law(s); and

   d. to grant such other and further relief as this Court should find just and proper.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: April 25, 2020

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiffs
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com

ANDREW FINK (P74182)
FINK & FINK PLLC
Counsel for Plaintiffs
42 Union St Ste 16
Hillsdale, MI 49242
(734) 994-1077
andrew.fink@finkandfink.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com