# US DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

LYN ALLEN, et al,
    Plaintiffs,

v.

GRETCHEN WHITMER, in her personal capacity,
    Defendant
_____/

Case No.: 20-cv-11020
Hon. George Caram Steeh
Mag. Michael J. Hluchaniuk

**REPLY**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

ANDREW FINK (P74182)
FINK & FINK PLLC
Co-Counsel for Plaintiffs
42 Union St Ste 16
Hillsdale, MI 49242
(734) 994-1077
andrew.fink@finkandfink.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiffs
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com

JOSEPH T. FROEHLICH (P71887)
JOSHUA BOOTH (P53847)
CHRISTOPHER ALLEN (P75329)
JOHN FEDYNSKY (P65232)
Michigan Dep't of Attorney General
Assistant Attorneys General
Attorneys for Defendant
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
froehlichj1@michigan.gov
boothj2@michigan.gov
allenc28@michigan.gov
fedynskyj@michigan.gov

___

# PLAINTIFFS' REPLY IN SUPPORT OF
# MOTION TO EXCLUDE EXHIBITS PURSUANT TO RULE 12(d)

-1-

NOW COMES Plaintiffs, by counsel, and offers this short reply. Ms. Whitmer[1] asserts that that attaching the exhibits is not afoul of federal law because 1.) the exhibits were not used to contradict the arguments of Plaintiff and 2.) the Sixth Circuit is "liberal" in its use of external exhibits. Both are untrue. Both fail.

"It is incumbent on the courts to ensure decisions are made according to the rule of law, not hysteria." *Dep't of Health and Human Servs v. Manke*, __ Mich. __ (2020) (Vivano, J. concurring) available at https://bit.ly/MankeMSC. The wrongfully-attached exhibits are trying to create legal hysteria. And how is a plaintiff supposed to oppose to such one-side stilted viewpoint without violating the rule against pleading-only review? They cannot and that is why Ms. Whitmer tries to stuff the record.

For example, Ms. Whitmer failed to acknowledge that about 8 in 10 people who get COVID-19 "will have only mild illness." *Coronavirus Recovery*, WebMD.com, <https://www.webmd.com/lung/covid-recovery-overview> (last visited July 7, 2020). The overall recovery rate is between 97% and 99.75%. *Id.* As of July 6, 2020, there are a <u>total</u> of 66,173 confirmed Michigan cases, or sixth-tenths of one percent of our entire state's

---

[1] As seemingly lost on Defendant's counsel, the Defendant is sued in her personal, not official, capacity.

population. The *total* COVID-19 death rate is 00.06% percent (and that's taking the state at their own numbers which have been strongly questioned[2]).

Again, perspective is important. In 2017, the Centers for Disease Control pegged heart disease deaths in Michigan far higher at 25,187; cancer at 20,671; and accidents at 5,623. *Stats of the State of Michigan*, Centers for Disease Control and Prevention, National Center for Health Statistics,<https://www.cdc.gov/nchs/pressroom/states/michigan/michigan.htm> (last visited July 7, 2020). Viewpoint bias also skews the Court's perspective.

How about something less disease based? In 2018, for example, there were 312,798 automobile accidents consisting of 974 fatalities, 75,838 injuries, and 256,553 reports of property damage. *2018 Year End Traffic Crash Statistics*, Mich Dept of State Police, https://www.michigan.gov/documents/msp/2018_Year-End_for_Web_653222_7.pdf (last visited July 7, 2020). Yet, Ms. Whitmer does not ban Plaintiff Allen from driving due to the "science and data" of higher levels of risk in partaking vehicular travel rather than simply staying home.

---

[2] Justin P. Hicks, *Medical Experts Say Michigan's Coronavirus Death Count Isn't Accurate. But Is It Too High or Too Low?*, MLIVE.COM, Apr 17, 2020, *available at* https://bit.ly/31U4gc7.

The point of this is not to flippantly dismiss the real and serious concern of COVID-19. However, allowing a defendant to present one-sided facts and claiming it was merely to "fill in the details and contours of the complaint" is a false flag. It is purposely and intentionally calculated to misleadingly scare the Court while unfairly handcuffing a plaintiff from pointing out the flaws of the rule-violator's misframed the-sky-is-falling assertions.

Judge Guilford was sadly right—the unintended trend of expanding courts' consideration of extrinsic evidence at the motion to dismiss stage is "particularly troubling" in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing with no ability for plaintiff to punch back. *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1279-1282 (C.D. Cal. 2016).

Proper process begets proper fairness. If a defendant wants to knock out the plaintiffs' complaint in round one, the courts have developed clear rules to level the legal playing field. One, the "motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Two, "we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff" even if "doubtful in fact." *Id.;*

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Three, the defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *DirecTV*, 487 F.3d at 476. Four, a court may only consider the complaint (and any exhibits attached thereto), certain public records, and items appearing in the record of the case and exhibits attached to defendant's motion to dismiss <u>so long as they</u> [i.e. the exhibits themselves] are [1.] referred to in the Complaint <u>and</u> [2.] are central to the claims contained therein. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). That has not happened here.

Here, Plaintiffs claim that Ms. Whitmer violated the Constitution when she enacted her unequal travel ban against Ms. Allen's movement to leave a heavier diseased area to a far lesser one but not banned the property's co-owners who are from Indiana. There is a <u>*fundamental*</u> right to intrastate travel under the Fourteenth Amendment of the United States Constitution. *Johnson v. City of Cincinnati*, 310 F.3d 484, 495 (6th Cir. 2002). Michigan law says so too. *Musto v. Redford Twp.*, 137 Mich. App. 30, 34 (1984). Fundamental rights received "strict scrutiny" review. *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000) ("actions that burden the exercise of those fundamental rights or liberty interests are subject to strict scrutiny, and will be upheld only when they are narrowly tailored to a compelling governmental interest"). It is an

insurmountably high burden as it requires a "specific and tangible showing, not a presumptive one," on the precise nature of the link between the compelled interest and the narrowness of its tailoring. *Bartell v. Lohiser*, 215 F.3d 550, 558 (6th Cir. 2000). When "subject to strict scrutiny, the [state action] always, or nearly always, is struck down." *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 319 (1976) (MARSHALL, J, dissenting). Additionally, this Circuit also requires actual "<u>evidence</u> demonstrating the <u>in</u>effectiveness of proposed alternatives." *Johnson,* 310 F.3d at 504. In short, "if there are other, reasonable ways to achieve those goals with a lesser burden on constitutionally protected activity, a State may not choose the way of greater interference." *Dunn v. Blumstein*, 405 U.S. 330, 343 (1972).[3] Here, Ms. Whitmer's lack of evidence fails to demonstrate the <u>in</u>effectiveness of proposed alternatives under *Johnson* and thusly defeats pre-answer dismissal. Against intellectual honesty, it has to.

Nevertheless, that decision is for another day. But at this stage, the question is mere plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And allowing Ms. Whitmer to "cheat" on the rules of judicial procedure by stuffing-

---

[3] "Administrative convenience" for the government is never a compelling justification when advanced against a fundamental right. *Frontiero v. Richardson*, 411 U.S. 677, 690 (1973). The Constitution "recognizes higher values than speed and efficiency." *Id.*

the-record with improper exhibits prejudices and short-circuits Plaintiffs' opportunity to make a full presentation. And frankly, fundamental fairness is required here. If the Governor is not going to subject her actions to approval by the Legislature,[4] she minimally should be subject to proper judicial review in the courts—all proper processes included.

Here, the attachment of extrinsic exhibits by Ms. Whitmer is unfair and improper as explained by *Hsu* and violates the *Bassett* standard. The remedy is thusly that Rule 12(d) requires that such exhibits be "excluded by the court." FRCP 12(d). This Court is requested to exclude or strike the same.

| | |
|---|---|
| Date: July 7, 2020 | RESPECTFULLY SUBMITTED: |
| | /s/ Philip L. Ellison |
| | OUTSIDE LEGAL COUNSEL PLC |
| | PHILIP L. ELLISON (P74117) |
| | Co-Counsel for Plaintiffs |
| | |
| | ANDREW FINK (P74182) |
| | FINK & FINK PLLC |
| | Co-Counsel for Plaintiffs |
| | |
| | MATTHEW E. GRONDA (P73693) |
| | Co-Counsel for Plaintiffs |

---

[4] Gun Burns, *Michigan Gov. Gretchen Whitmer Rejects Republican Invite to Testify in Coronavirus Response Probe*, MLIVE.COM, June 5, 2020, *available at* https://bit.ly/WhitmerSaysNo.

## CERTIFICATE OF SERVICE

    I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: July 7, 2020

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiffs