UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYN ALLEN, et al.,

        Plaintiffs,

                                  Case No. 20-CV-11020

vs.

                                  HON. GEORGE CARAM STEEH

GRETCHEN WHITMER,

        Defendant.
_____/

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE EXHIBITS [DOC. 12]

This matter is before the Court on plaintiffs' motion to exclude or strike exhibits attached to defendant's motion to dismiss (ECF No. 11). Defendant's motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6), which generally allows a court to consider exhibits relating to matters that are central to the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (a court may consider "exhibits [attached to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.").

Plaintiffs' complaint alleges that Lyn Allen's inability to travel within the state to her vacation timeshare property, due to Governor Whitmer's Executive Order 2020-42, was a violation of the U.S. and Michigan Constitutions. The exhibits attached to defendant's motion to dismiss seek to give details regarding the global pandemic in order to provide context for the Governor's Executive Order. As described by defendant, this includes information about the nature of COVID-19 and how the virus spreads; data regarding the spread of the virus in Michigan and other states; and the efficacy of the Governor's actions in addressing the virus.

In the Sixth Circuit, a court evaluating a motion to dismiss under Rule 12 may consider items that do "not rebut, challenge, or contradict anything in the plaintiffs' complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Armengau v. Cline*, 7 Fed. Appx. 336, 343-44 (6th Cir. 2001) ("extrinsic materials [that] merely 'fill in the contours and details' of a complaint, ... add nothing new and may be considered without converting the motion to one for summary judgment") (*quoting Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir.1997)). Defendant's exhibits contain data and analysis concerning the nature and spread of the COVID-19 virus as well as the number of deaths and impact on hospital resources caused by the virus.

The court denies plaintiff's motion to exclude or strike the exhibits and will consider them only to the extent that they "fill in the contours and details" of plaintiff's complaint. *Armengau*, 7 Fed. Appx. at 343-44 (*quoting Yeary*, 107 F.3d at 445). As such, the court concludes that consideration of the exhibits does not convert defendant's motion to dismiss into a motion for summary judgment. Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' motion to exclude or strike exhibits attached to defendant's motion to dismiss is DENIED.

Dated: July 10, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 10, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk