UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYN ALLEN, an individual, and
CINCINNATUS, LLC, a Michigan
Limited liability company,

        Plaintiffs,

vs.

GRETCHEN WHITMER, in her
Personal capacity,

        Defendant.
_____/

Case No. 20-CV-11020

HON. GEORGE CARAM STEEH

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 20]

Lyn Allen and Cincinnatus, LLC[1] filed this action against Governor Gretchen Whitmer in her personal capacity. Plaintiff's action alleges that the travel restriction in Governor Whitmer's now-rescinded Executive Order 2020-42 is a violation of the right to travel, protected by the Due Process Clause and the Equal Protection Clause under the United States Constitution and the Michigan Constitution. Plaintiff seeks a declaration that Defendant violated her federal and state constitutional rights and

---

[1] Other than being named as a co-plaintiff in the complaint, there is no allegation that Cincinnatus, LLC has suffered any harm. Cincinnatus, LLC lacks standing to bring this lawsuit, as addressed below. Therefore, the opinion and order uses the singular "Plaintiff," to refer to Plaintiff Lyn Allen.

- 1 -

nominal damages relating to the alleged violation of her federal constitutional rights.   The matter is before the court on Defendant's motion to dismiss.   The court is familiar with the case and does not believe that it would benefit from oral argument.   For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

Acting in her capacity as Governor of the State of Michigan, on March 10, 2020, Defendant declared a state of emergency in response to the COVID-19 outbreak in Michigan. With emergency powers activated from the state of emergency, on April 9, 2020, Defendant issued Executive Order 2020-42 (hereinafter referred to as the "Executive Order" or "EO 2020-42").   EO 2020-42 included a restriction on travel between two Michigan residences.   While the Executive Order prohibited an individual's right to travel between their in-state Michigan residences, out-of-state individuals were permitted to travel back and forth between their out-of-state residence and their Michigan residence.   This travel restriction was in place for two weeks before it was voluntarily rescinded by the Defendant on April 24, 2020.

On April 25, 2020, Plaintiff filed her complaint against the Defendant. Plaintiff challenges the constitutionality of EO 2020-42, which temporarily

prohibited her from traveling from her primary residence in Michigan to her timeshare within the state. Plaintiff seeks a retrospective declaration that Defendant violated her federal and state constitutional rights based on past violations only. Plaintiff also seeks an award of nominal damages against Defendant in her personal capacity solely based on the alleged violation of her federal constitutional rights [Amended Complaint ECF No. 16, PageID.267].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal based on a lack of subject matter jurisdiction. When reviewing a facial attack on the subject-matter jurisdiction alleged in the complaint, "a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. If those allegations establish federal claims, jurisdiction exists." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint

as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertion[s]" devoid of further factual enhancement are insufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

## ANALYSIS

### I. Claims for Declaratory Relief and Nominal Monetary Damages are Moot

The court's authority derived from Article III of the Constitution "requires that there be a live case or controversy at the time that a federal court decides its case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The "case or controversy" requirement is concerned with whether the litigants have a personal stake in the outcome of the litigation, and this requirement exists at every stage of a federal judicial proceeding. *Id*. If "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case becomes moot and the court lacks jurisdiction. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Further action on such challenges may not be taken as "[a] court can neither declare unconstitutional nor enjoin the enforcement of a law that is no longer in effect." *Brandywine, Inc. v. City of Richmond, Ky*, 359 F.3d 830, 836 (6th Cir. 2004). For example, the Supreme Court found that a challenge to temporary restrictions in an executive order was moot where the "temporary restrictions in [the executive order] expired before [the] court took any action." *Trump v. Hawaii*, 138 S. Ct. 2392, 2404 (2018) (citing *Trump v. IRAP*, 138 S.Ct. 353 (2017); *Trump v. Hawaii*, 138 S.Ct. 377 (2017)). Similarly, in a recent case in this district that challenged rescinded executive orders issued by Governor Whitmer, including the travel restriction in EO 2020-42, the court concluded the request for declaratory relief was rendered moot in addition to being barred by the Eleventh Amendment. *Martinko v. Whitmer*, 465 F.Supp.3d 774 (E.D. Mich. 2020).

The travel restrictions in EO 2020-42 were intended to be temporary, set to expire automatically on April 30, 2020. Even so, Defendant rescinded EO 2020-42 early, on April 24, 2020, after concluding that the state of the public health so permitted. *See* EO 2020-59. The Plaintiff's complaint was filed on April 25, 2020, after the travel restrictions had been

rescinded. At that point, Plaintiff no longer had a live case or controversy such that her declaratory action is moot.

The Sixth Circuit has recognized that even where declaratory or injunctive relief is properly dismissed as moot, a claim for monetary damages may still proceed if a monetary award would compensate the plaintiff for past harm. *Brandywine, Inc.*, 359 F.3d at 836 (money damages not moot where they would compensate plaintiffs for the loss of the opportunity to engage in protected expression; nevertheless, the claim for money damages was dismissed for failure to state a claim for which relief could be granted). However, nominal damages, such as those sought by plaintiff, are a vehicle for a declaratory judgment where actual damages cannot be quantified. "As such, nominal damages have 'only declaratory effect and do not otherwise alter the legal rights or obligations of the parties.... [T]hey can sometimes constitute effectual relief, *but only with respect to future dealings* between the parties.'" *Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 610–11 (6th Cir. 2008) (citation omitted). Plaintiff therefore lacks standing to seek nominal damages in this case where such relief would not redress an actual injury.

II. <u>Eleventh Amendment Bars Declaratory Relief</u>

Plaintiff's claims for declaratory relief are also barred by the Eleventh Amendment. When a lawsuit is brought against state or federal employees or entities, courts are to look at whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Where a defendant is named in her personal capacity, "courts may not simply rely on the characterization of the parties in the complaint." *Lewis v. Clarke*, -- U.S. --, 137 S. Ct. 1285, 1290 (2017). The court should instead look to "whether the remedy sought is truly against the sovereign," and if so, then "an action is in essence against a State" and the State "is entitled to invoke the Eleventh Amendment's protection." *Id*.

Governor Whitmer promulgated E.O. 2020-42 under authority granted by the Michigan Constitution and Michigan statutory law. By attempting to hold Whitmer liable in her individual capacity for promulgating an executive order with the force and effect of state law pursuant to authority granted to the office of the Governor under state law, the State of Michigan is the real party in interest.

A. Michigan Constitutional Rights

"[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the [s]tate that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).   Plaintiff alleges that Governor Whitmer's now-rescinded Executive Order violated her rights under the Michigan Constitution.   A declaration to this effect from this court would only have an "impact directly on the [s]tate itself," and thus Plaintiff's claims for declaratory relief under the Michigan Constitution against the Governor should be treated as claims made against the state. *Id*. at 117.   Plaintiff's claims for declaratory judgment relief under the Michigan Constitution are therefore barred by sovereign immunity under the Eleventh Amendment.

B. Federal Constitutional Rights

In order to pursue a claim that her federal constitutional rights were violated as a result of state action, plaintiff must bring an official capacity suit against the appropriate state official seeking prospective declaratory or injunctive relief only.   *Alabama v. Pugh*, 438 U.S. 781 (1978); *Ex parte Young*, 209 U.S. 123 (1908); *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal

under federal law is barred even when the state official is the named defendant."). Here, Plaintiff makes it very clear that she seeks a retrospective declaratory judgment only. Such retrospective relief is barred by the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 67, (1985).

III. Cincinnatus, LLC Lacks Standing

The complaint fails to identify any particularized harm that Cincinnatus, LLC has allegedly suffered separate from the harm allegedly suffered by plaintiff Lyn Allen. As a result, Cincinnatus, LLC lacks standing to bring its claims. *See Warth v. Seldin*, 422 U.S. 490, 515–16 (1975).

## CONCLUSION

For the reasons discussed above, the Defendant's motion to dismiss is GRANTED.

Dated: January 4, 2021

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 4, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---